# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONICA O'DONNELL, | : | |
| | : | Civil Action No. 3:09-CV-1173 |
| **Plaintiff,** | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF CORRECTIONS, et al., | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

### I. Statement of Facts and of the Case.

This is an action brought by Monica O'Donnell, an employee of the State Department of Corrections, against her employer. (Doc. 9.) In her complaint, O'Donnell recites that she was a diabetic employee of the state prison system who worked at the State Correctional Institution, Frackville. (Id.) According to O'Donnell, as an insulin dependent diabetic, she required reasonable accommodation from her employer in the form of various medical supplies which would allow her to monitor her he blood sugar, and receive insulin injections as required. (Id.) O'Donnell alleges that prison officials denied her these reasonable accommodation, and then retaliated against her for seeking to invoke her civil rights. (Id.) On the basis of these assertions, O'Donnell brings claims against the state Department of Corrections under the Americans with Disabilities Act, the Rehabilitation of Act 1973, the Family Medical

Leave Act, and the Pennsylvania Human Relations Act, seeking equitable, injunctive and declaratory relief, along with compensatory and punitive damages. (Id.)

This matter now comes before the Court on a Motion to Compel and Second Motion for Sanctions filed by O'Donnell, which seeks further discovery responses from the Defendants in this case, along with monetary sanctions. (Doc. 39.) This motion has been fully briefed by the parties, (Docs. 40, 48, and 49), a process which has helped to clarify the nature of this on-going discovery dispute while highlighting communications issues which have plagued this litigation.

## II. Discussion

In addressing these issues we note that the scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure in the following terms:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

O'Donnell's motion, and the Defendants' response in opposition to this motion, call upon the Court to exercise its authority under Rule 26 of the Federal Rules of Civil

Procedure to regulate discovery in this case. Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court. <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense". Therefore, valid claims of privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Applying these benchmark standards, we now turn to the discovery disputes between O'Donnell and the Defendants.

### III.  **Conclusions**

First, O'Donnell insists that the Defendants have failed to respond to requests to identify a Rule 30(b) deponent and have neglected to identify dates when

depositions may occur. The Defendants respond by asserting that they did provide depositions dates to O'Donnell in December, 2010, and are now prepared to identify and schedule a Rule 30(b) deposition. In light of this response, which seems to largely address O'Donnell's concerns, IT IS ORDERED that the parties will confer and complete scheduling of all remaining depositions on or before **February 23, 2011**.

Second, in her motion O'Donnell alleges that the Defendants have failed to produce documents requested in discovery. The Defendants respond to this allegation by stating that the requested documents have not been mailed to the Plaintiff, but that they are available for inspection by the Plaintiff at any mutually convenient time. In light of this response, IT IS ORDERED that the parties will confer and either schedule a mutually consentient time to review all requested documents, or arrange for the copying and receipt of these documents, on or before **February 23, 2011**.

Third, in her motion O'Donnell asserts that the Defendants have not made promised supplemental discovery disclosures. The Defendants respond to this allegation by representing that these supplemental disclosures have now been made. The parties are all reminded of their on-going discovery obligations in this matter. In light of this Defendants' response, IT IS ORDERED that parties will confer and that the Defendants provide all supplemental discovery disclosures which have not yet been produced, on or before **February 23, 2011**.

Fourth, in her motion O'Donnell alleges that the Defendants have failed to provide adequate responses to a series of requests for production of documents. The Defendants have replied to this claim by arguing that their responses are appropriate since: (1) some of the requests for production (Nos. 1, 8, and 14) did not ask for documents ; (2) other requests (Nos. 2, 11, and 12) were answered with the statement that documents did not exist; and (3) several of the requests (Nos. 4, 5, and 15) are overly broad and have been objected to on that ground.

Upon review of these requests for production, we believe that the Defendants' observations and objections are well-taken. We will, however, ORDER that parties will confer regarding these requests for production, and endeavor to identify more narrowly tailored requests which can reasonably be honored by the Defendants on or before **February 23, 2011**.

Finally, O'Donnell alleges that she has not been provided with complete responses to interrogatories relating to affirmative defenses. In reply, the Defendants claim that this motion is premature since the parties have not met and conferred to address these issues. Given the posture of this particular issue, IT IS ORDERED parties will confer and endeavor to resolve this matter without further litigation on or before **February 23, 2011**.

Finally, IT IS ORDERED that the parties be prepared to provide the Court with an update on the progress of these issues at the case management conference scheduled for **February 18, 2011, at 11:00 a.m.**

In light of these rulings, the Plaintiff's request for monetary sanctions is DENIED without prejudice to renewing this request if the Court find that the outstanding discovery issues are not satisfactorily resolved through the process outlined in this order.

So ordered this 9th day of February, 2011.[1]


*S/Martin C. Carlson*
**United States Magistrate Judge**

---

[1] In addressing this motion in this manner we are cognizant of the fact that defense counsel may be facing medical challenges, but also recognize that the Defendants have expressly asked for the opportunity to resolve many of these discovery issues through further, voluntary disclosures to the Plaintiff. We also recognize that recent filings suggest that defense counsel is receiving assistance from colleagues in her office on these matters, a course of action which seems entirely appropriate given the medical issues confronting counsel. The Defendants should, therefore, notify Plaintiff's counsel regarding which counsel will arrange for the completion of discovery in this case.